# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2021

Lyle W. Cayce
Clerk

No. 20-10549
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HENRY ECHARTE-RIVERO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-36-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Henry Echarte-Rivero was convicted by a jury of conspiracy to possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to, *inter alia*, a below-Sentencing Guidelines sentence of 188 months' imprisonment.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Solely at issue on appeal is Echarte's claiming the district court erred in denying a minor-role reduction to his offense level. Whether a defendant qualifies for a mitigating role adjustment under Guideline § 3B1.2 is a factual finding reviewed, as discussed above, only for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole". *Id.* (citation omitted). Echarte presents two bases in support of his claim.

First, he contends a role adjustment was required because the Government asserted to the jury he played "a minor part" in a larger conspiracy (separate, but related to, the conspiracy from which Echarte's conviction stems). Those Government assertions came, however, after the jury heard testimony regarding a larger, years-long conspiracy investigation by the FBI, and the Government stated correctly the law regarding participation in a conspiracy. "When a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal." *United States v. Stanford*, 823 F.3d 814, 852 (5th Cir. 2016) (citation omitted).

No. 20-10549

For his other basis, Echarte claims the court overruled his objection for sentencing because of its erroneous determination he was integral to the conspiracy. He contends there was no evidence he was involved in organizing the transaction or knew the scope of the conspiracy.

This contention ignores the trial testimony of FBI agents and a co-conspirator. Additionally, the court considered Echarte's substantial aid in the transportation and attempted delivery of three kilograms of methamphetamine with full knowledge of the scope and goals of the conspiracy and his own role in the offense. It also considered Echarte's negotiating with his co-conspirators about the delivery, and his acting as a lookout or backup when a co-defendant received the methamphetamine from another individual. Given all the above, the court's finding Echarte was an average participant is plausible in the light of the record as a whole. *See Torres-Hernandez*, 843 F.3d at 207.

AFFIRMED.